UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **OSAYOMORE AMADASUN,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-19-CV-01130-XR |
| § | |
| **DATASEARCH, INC.,** § | |
| § | |
| *Defendant.* § | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On this day, the Court considered Defendant's Motion for Summary Judgment (ECF No. 39). Plaintiff has not filed a response, and the deadline for doing so has expired. After careful consideration, the Court grants the motion.

**Background**

Plaintiff Osayomore Amadasun filed this lawsuit *pro se* against Defendant DataSearch, Inc. Plaintiff's First Amended Complaint is the live pleading.[1] Therein, Plaintiff alleges that, at some point, Plaintiff's consumer debt was transferred to DataSearch for collection. Plaintiff alleges that DataSearch mailed a letter around May 2017 and placed multiple calls through an automated telephone dialing system to Plaintiff's private cell phone number after being told not to call the cell phone number and left a voice mail in which it did not state it was a debt collector. Plaintiff alleges that Defendant's conduct violated the Federal Debt Collection Practices Act and the Texas Fair Debt Collection Practices Act. Plaintiff further alleges that DataSearch and its

---

[1] The Court previously denied Plaintiff's motion for leave to file a Second Amended Complaint that would add DataSearch's president Mary Lou San Marco and Vice President William D. San Marco. *Amadasun v. DataSearch*, No. SA-19-CV-1130-XR, 2020 WL 3579900 (W.D. Tex. Feb. 19, 2020). Though they may have qualified as debt collectors, contrary to the Court's conclusion, the Court also held that Plaintiff failed to demonstrate good cause for the untimely motion as required by Rule 16 and failed to specify any conduct engaged in by the individuals or that they actually participated in the violations or controlled policies and practices, which were sufficient reasons to deny the motion.

1

agents are in possession of Plaintiff's personal health information, which is in violation of the Health Insurance Portability and Accountability Act of 1996.

In "Count One," Plaintiff further alleges that DataSearch violated the FDCPA by failing to send a validation notice within five days of the initial communication, either written or oral, and continuing collection activities by phone and U.S. mail. Plaintiff alleges that Defendant's communication contained a false impression of the character, amount, or legal status of the alleged debt, and Defendant used false, deceptive, or misleading representation or means in connection with the debt collection. Plaintiff further alleges that Defendant attempted to collect a debt "not authorized by any agreement with proof creating a debt," that its communication "creates confusion about the Plaintiff unalienable/inalienable absolute Right," that Defendant used unfair or unconscionable means to attempt to collect the alleged debt from Plaintiff, and Defendant's communication threatens to communicate credit information that is known or should be known to be false, including the failure to communicate that the debt is disputed. Plaintiff does not list any other counts, but also seeks damages under the Texas Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, the Privacy Act, and HIPAA.

DataSearch moves for summary judgment on the FDCPA claims on the basis that it did not fail to validate the debt (Plaintiff did not request validation) and did not use false or misleading means to collect the debt nor harass Plaintiff. DataSearch also moves for summary judgment on Plaintiff's remaining claims under the Texas Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

DataSearch offers uncontradicted summary-judgment evidence that it is a third-party collection agency that collects consumer debts. ECF No. 38 Ex. 1 (San Marco Affidavit). The undisputed summary-judgment evidence further shows Plaintiff's account 556618.2 was placed

with DataSearch for collection on January 17, 2017 by a DataSearch client for money owed by Plaintiff to the client. *Id.* On January 4, 2019, at 10:00 a.m., DataSearch placed a telephone call to the number it had listed for Plaintiff, and the collector spoke to someone who identified himself as Plaintiff. During the call, the collector provided Plaintiff with a mini-miranda, Plaintiff asked for the nature of the underlying debt and the identity of the original creditor, the collector correctly provided that information, and Plaintiff stated he was driving and would have to call back, and hung up the call. *Id.* According to Defendant's undisputed summary-judgment evidence, that was the only telephone call in which Plaintiff spoke with DataSearch. *Id.*

A second separate account, 2392248.1, was placed with DataSearch for collection on May 17, 2019 by a different client for money owed to the client. For both accounts, Defendant sent an identical collection letter to Plaintiff.

Defendant DataSearch presents summary judgment evidence that it was authorized to collect the debts and that it sent only two dunning letters (one on January 17, 2017 and one on May 17, 2019) and only spoke with Plaintiff once, on a recorded phone call. DataSearch's phone log reveals numerous phone calls to Plaintiff from 2017 through October 2019, but only the one phone call where Plaintiff answered and spoke with DataSearch. The log indicates that DataSearch left numerous recorded messages and some messages with another person. DataSearch asserts that it had consent to call Plaintiff at the number used, which was provided by the clients, and at no time did Plaintiff tell DataSearch to stop calling him or revoke his consent.

**Summary Judgment Standard**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. "A genuine issue of material fact exists when the evidence is such that a reasonable

jury could return a verdict for the non-moving party." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017). All facts and reasonable inferences are construed in favor of the nonmovant, and the court should not weigh evidence or make credibility findings. *Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2009).

The party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant carries its initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. The nonmovant must come forward with specific facts showing that there is a genuine issue for trial. *Id.* at 587. The Court will not grant a summary judgment by default where no response has been filed. Rather, the Court reviews the summary judgment record to determine whether summary judgment is warranted.

**Analysis**

**A. Fair Debt Collection Practices Act**

Plaintiff's Complaint alleges that Defendant violated the FDCPA by: continuing to make phone calls after being told not to call (Compl. ¶ 15, 20); leaving a voicemail that did not state it was from a debt collector (Compl. ¶ 21); failing to validate the debt (Compl. ¶ 24) and continuing collection activities after Plaintiff requested validation (Compl. ¶ 25); creating a false impression about the character, amount, or legal status of the debt (Compl. ¶ 26); using a false, deceptive, or misleading representation or means in connection with the debt collection (Compl. ¶ 27); collecting a debt without authorization or proof or attempting to collect any unauthorized

amount (Compl. ¶ 28); creating confusion about Plaintiff's rights (Compl. ¶ 29); using an unfair or unconscionable method to collect a debt (Compl. ¶ 30); and threatening to communicate credit information that is known to be false, including the failure to communicate that the debt is disputed (Compl. ¶ 31).

It is undisputed that Defendant DataSearch is a debt collector as defined by the FDCPA. Defendant offers the Affidavit of Bill San Marco, its Vice President, as evidence that DataSearch was authorized to collect the debt on behalf of its clients. Plaintiff has failed to create a material fact issue on the claim that DataSearch was attempting to collect any unauthorized amount (Compl. ¶ 28), and summary judgment is granted.

DataSearch offers evidence that Plaintiff never told DataSearch not to call Plaintiff's number, which was provided to DataSearch by the client. Plaintiff does not dispute DataSearch's evidence or provide any evidence that consent to call was revoked. Thus, claims alleging that DataSearch continued calling Plaintiff after being told not to call (Compl. ¶¶ 15, 20) must fail, and summary judgment is granted.

Plaintiff does not include § 1692g among the list of FDCPA provisions that Defendant allegedly violated, but the allegations in paragraphs 24 and 25 do invoke its provisions. Section 1692g(a) provides that, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless certain specified information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the specified information, including a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. Section 1692g(b) provides that, if the consumer notifies the debt collector in writing

within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Defendant sent two identical letters to Plaintiff, and they contained the required disclosures listed in § 1692g(a). Bill San Marco Aff. ¶ 7; Ex. 3 (May 20, 2019 letter). Defendant offers summary-judgment evidence that Plaintiff never disputed the debt or requested any validation of either of his two accounts. Plaintiff fails to create a material fact issue as to whether DataSearch failed to include the required disclosures and whether Plaintiff disputed the debt or requested validation, and thus the claims based on those allegations (Compl. ¶¶ 24, 25, 31) fail and summary judgment is granted.

DataSearch further contends that Plaintiff fails to show that its actions were false or misleading in violation of § 1692e, which prohibits any false, deceptive, or misleading representation or means in connection with debt collection and provides a list of non-exclusive, specific conduct that violates the general prohibition. Plaintiff specifically invokes subsections 2, 5, 8, 10, and 11. Section 1692e(2) prohibits "[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Section 1962e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken. Section 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to

communicate that a disputed debt is disputed." Section 1962e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." And § 1962e(11) prohibits "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . ."

Plaintiff's Complaint contains no specific allegations about what representation was false or misleading, nor does Plaintiff demonstrate that anything in the letters or phone call caused Plaintiff confusion or threatened to communicate credit information known to be false. DataSearch contends that its letters were not false, misleading, or deceptive because they are accurate. Affidavit of Bill San Marco. DataSearch further contends that no false representations were made in the sole voice communication. Although Plaintiff alleges that DataSearch "left a voicemail message on my cellular phone voicemail in which it did not state that it was a debt collector, in violation of the FDCPA," this claim fails for lack of proof. Plaintiff has submitted no evidence to support this allegation and thus fails to create a material fact issue. Summary judgment is granted on the § 1692e claims (Compl. ¶ 26, 27, 29, 31).

DataSearch also contends that Plaintiff fails to support the allegation of unconscionability. Section 1692f prohibits unfair or unconscionable means to collect a debt and contains a non-exhaustive list of eight examples of prohibited "unfair or unconscionable" collection means. 15 U.S.C. §§ 1692f(1)-(8). Plaintiff has not provided evidence that Defendant attempted to collect any unauthorized amount, and fails to allege that DataSearch engaged in any other prohibited conduct listed in § 1692f. Plaintiff fails to come forward with evidence to create

a material fact issue that Defendant engaged in any unfair or unconscionable means to collect the debts and thus summary judgment is granted on those claims (Compl. ¶¶ 28, 30). *See Thamathitikuhhun v. Bank of America, N.A.*, 2016 WL 7734556, at *10 (E.D. Tex. Aug. 8, 2016) (plaintiffs' allegation failed to resemble any of the listed instances of misconduct set out in the statute).

Plaintiff alleges that DataSearch violated § 1692d, which prohibits harassment or abuse. The Complaint fails to specify what conduct DataSearch engaged in that would constitute harassment or abuse, other than continuing to call Plaintiff's phone, and does not cite to one of the subsections of § 1692d. § 1692d includes "[c]ausing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). To meet his summary judgment burden, Plaintiff must produce some evidence from which the intent to annoy, abuse, or harass may be inferred. Although the summary-judgment record shows that DataSearch did place frequent calls to Plaintiff's cellular phone, courts have noted that "[a] remarkable volume of telephone calls is permissible under FDCPA jurisprudence." *Karp v. Fin. Recovery Servs., Inc.*, No. A-12-CV-0985-LY, 2013 WL 6734110, at *7 (W.D. Tex. Dec. 18, 2013) (citing *Zortman v. J.C. Christensen & Associates, Inc.*, 870 F.Supp.2d 694, 707 (D. Minn. 2012)), report and recommendation adopted by 2014 WL 12638504 (W.D. Tex. Jan. 7, 2014).

The call log indicates that DataSearch began calling Plaintiff in late January 2017 and generally called every few days until October 21, 2019, shortly after this lawsuit was filed. The log shows only one call per day, and at reasonable hours. Thus, as stated by the court in another case, "This is not a case where a debt collector called multiple times a day or at odd hours. This is not a case where the debt collector immediately called back after an unanswered call or a

hangup. This is not even a case where a debt collector made daily calls." *Karp*, 2013 WL 6734110, at *7. The Court finds that the undisputed summary-judgment evidence fails to show a violation of § 1692d(5) as a matter of law.

Plaintiff also alleges a violation of § 1692c(a)(1), which prohibits, without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communications with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location." 15 U.S.C. § 1692c(a)(1). The call log does not show any calls outside those hours. Thus, Plaintiff fails to raise a material fact issue that DataSearch violated this section.

Plaintiff has failed to raise a material fact issue on any of the FDCPA claims, and thus summary judgment is granted on all FDCPA claims.

**B. Texas Debt Collection Practice Act**

Though it is not set forth as a separate count in Plaintiff's Complaint, Plaintiff asserts a claim under the Texas Debt Collection Practices Act, TEX. FIN. CODE. § 392.001 *et seq*. "The conduct prohibited under the TDCA is coextensive with that prohibited under the FDCPA, at least insofar as '[t]he same actions that are unlawful under the FDCPA are also unlawful under the TDCA.'" *Kranz v. Midland Credit Mgmt.*, No. SA-18-CV-00169-XR, 2020 WL 4905806, at *6 (W.D. Tex. Aug. 20, 2020). Thus, Plaintiff's TDCPA claim fails for the same reasons as the FDCPA claims. Plaintiff offers no summary-judgment evidence to raise a fact issue as to any of the TDCPA claims.

### C. Telephone Consumer Protection Act ("TCPA")

Though not set forth as a separate count, Plaintiff's Complaint asserts that DataSearch violated the TCPA, 47 U.S.C. § 227. The TCPA regulates the use of telephones to contact consumers and forbids the use of certain automated telephone equipment, including using "any automatic telephone dialing system or an artificial or prerecorded voice" to call a cellular telephone without "prior express consent" of the consumer. 47 U.S.C. § 227(b)(1)(A)(iii). DataSearch offers uncontroverted summary-judgment evidence that it had Plaintiff's consent to call him on his cellular phone because it called the number provided by the original creditor, which was provided by Plaintiff. *Cherkaoui v. Santander ConsumerUSA, Inc*., 32 F. Supp. 3d 811, 814–15 (S.D. Tex. 2014) ("Plaintiff's provision of his cell phone number on the Credit Application constitutes his prior express consent to be contacted on that cell phone using an automated telephone dialing system."). DataSearch asserts that Plaintiff never revoked his consent, and thus his claim fails as a matter of law. Plaintiff provides no controverting evidence to create a material fact issue. *See id.* ("Because Plaintiff provided his consent to be called on his cell phone using an automated telephone dialing system and never revoked that consent, Santander did not violate the Telephone Consumer Protection Act's ('TCPA') restriction on placing calls to Plaintiff's cell phone using an automatic telephone dialing system without his prior express consent.").

### D. HIPAA and The Privacy Act of 1974, 5 U.S.C. § 552a

The Court *sua sponte* dismisses these claims. Plaintiff's allegation that Defendant is in possession of protected health information (Compl. ¶ 22) fails to state a claim under HIPAA.

Plaintiff's Complaint cites the Privacy Act, but fails to allege any facts that would plausibly state a claim to relief.

## Conclusion

Defendant DataSearch's Motion for Summary Judgment (ECF No. 39) is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter Judgment pursuant to Rule 58 that Plaintiff shall take nothing and that Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk shall CLOSE this case.

It is so ORDERED.

SIGNED October 6, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE